[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
All cases in this memorandum of decision relate to tax appeals on the list of October 1, 1993 in the City of Norwalk. Plaintiff Baum has four appeals in four Counts. The court will consider each Count separately. The properties involve various units within a large office building which the court examined in company of both counsel.
Count One. Concerns Unit 3A in the building. It is a basement level unit with two small windows containing 8561 square feet with floor to ceiling cement columns. It has a loading dock at the north end whose use is limited by a sub-standard ceiling height. Restroom facilities must be shared with Unit 3B. On site parking is somewhat inferior. Plaintiff's expert found a 100% value between $107,000 and $113,000. Defendant assessor without an independent appraiser found that value between $304,900 and $338,600. The court finds the correct assessment value to be $140,000.
Count Two. Concerns Unit B/C. Only 11B is tenanted. It consists of 6410 square feet with minimal interior finish. It appears that most of the unit is warehouse space of low quality. It is located on the first floor of a four story building. Unit C is incorporated into Unit 5A which is roughed-out as a catering facility owned by a different owner. This section of 1450 square feet is only accessed through Unit 5A and comprises the kitchen and restaurant facilities of Unit 5A, but because of the physical configuration of the condominium 11C is valued with 11B. The defendant states the total unit contains 7624 square feet as measured rather than 7861 square feet shown on the condominium declaration, with Unit B having 6333 square feet. Defendant concedes that 11B was in "fair to poor condition". Baum values the entire Unit 11 B/C on a sales comparison approach as $320,200 or as low as $3,091,000. On an income approach defendant reaches $327,800. Defendant, however, seems to overlook the fact that 11B was vacant on October 1, 1993. Plaintiff reaches a sales comparison figure of $102,000 and an income approach of $92,000. The court finds the correctassessment value to be $150,000. CT Page 4683
Count Three. Concerns Unit 11A. It is a first floor unit with a tenant and set up for a mixed office, research and designs for light industrial use. Defendant asserts the unit is located on the first floor and measures 12,274 square feet of average quality and condition. Plaintiff claims it is "unusually large", consisting of 2806 square feet including two stories housing a variety of office, conference and manufacturing uses. Plaintiff's income analysis indicates a sales approach of $403,000 and on an income approach of $364,000, both being 100% values. Plaintiff asserts 100% value is $400,000. The court finds the correct assessment value to be $335,000.
Count Four. Concerns Unit 15/3. It measures 968 square feet according to defendant and is located on the second floor of the four story building. Plaintiff claims it is 1366 square feet for generic office use, slightly below average condition. It shares restroom facilities with other second floor tenants. On-site parking defendant concedes is "slightly inferior" without further specification. Defendant claims a value between $64,000 and $71,500 on a sales approach and is satisfied with a fixture of $71,400. Using 1366 square feet per condominium declaration, plaintiff asserts a sales comparison of $38,000 and an income approach of $26,000, with a 100% value of $40,000. The court finds the correct assessment value to be $57,000.
BY THE COURT,
GEORGE A. SADEN JUDGE TRIAL REFEREE